# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MICHAEL SNELLING, JR.,** *Plaintiff,* v. **BALDWIN STATE PRISON,** *et al.,* *Defendants.* | **CIVIL ACTION NO.** **5:18-cv-00438-TES-CHW** |

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

_____

Plaintiff Michael Snelling, Jr., moves for leave to proceed *in forma pauperis* on appeal. [Doc. 17]. On August 23, 2019, the Court adopted the United States Magistrate Judge's recommendation and dismissed Plaintiff's Complaint without prejudice for failure to state a cliam. [Docs. 10, 11]. In addition to the Court's finding that Plaintiff's Notice of Appeal [Doc. 14] is untimely, there is also is no good faith basis for appeal in this case. Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 24(a)(3). Therefore, the Court **DENIES** his Motion for Leave to Appeal *In Forma Pauperis* [Doc. 17].

A court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). If the

trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Plaintiff states that he is making this appeal because he feels like the Court does not believe his statements "just because [he is an] inmate." [Doc. 17 at p. 1]. Plaintiff also mentions several different cases in the instant Motion, but in any event, even a cursory glance at Plaintiff's Notice of Appeal shows that he failed to state a single issue he intends to present on appeal. Fed. R. App. P. 24(a)(1); [Doc. 14]. While Plaintiff—via his Notice of Appeal—may attempt to name a specific prison official in an

2

effort to provide more factual detail to help demonstrate his claims, he may not do so at his stage. *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010) (holding that a plaintiff has no right to amend a complaint after judgment dismissing the complaint is entered); *see also* [Doc. 14 at p. 2].

In reviewing the record for this Order, the Court noted that two weeks after it adopted the magistrate judge's recommendation and entered Judgment, Plaintiff filed another document in which he appears to make one final attempt to comply with the magistrate judge's earlier pleading instructions. [Doc. 7 at pp. 4–5]; [Doc. 13]. However, a review of this document demonstrates that Plaintiff once again—despite extremely clear instructions on how to do so—failed to plead facts sufficient to show that any named Defendant (in this case) personally participated in the deprivation of his constitutional rights. *See generally* [Doc. 13]; *see also Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

In addition to his failure to adhere to the pleading requirements prescribed by the Federal Rules of Civil Procedure as outlined by the magistrate judge's instructions, Plaintiff simply filed his Notice of Appeal too late. *See* [Docs. 12, 14] *in connection with* Fed. R. App. P. 4(a)(1)(A); *see also* [Doc. 7 at pp. 4–5]. The Court entered its Judgment [Doc. 12] on August 26, 2019, and under the prison mailbox rule, a *pro se* prisoner's filing "is deemed filed on the date it is delivered to prison authorities for mailing."

*Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see also Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (explaining that "the notice of appeal was filed at the time [prisoner] delivered it to the prison authorities for forwarding to the court clerk"). And, "[a]bsent evidence to the contrary," a prisoner delivers his filing to prison authorities "on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Therefore, giving Plaintiff the benefit of all doubt, he at best filed his Notice of Appeal on October 15, 2019—the date he signed the filing and the date on which prison officials postmarked the envelope. [Doc. 14]; [Doc. 14-2]. However, by operation of the prison mailbox rule, Federal Rule of Civil Procedure 6(d)—which allows for three days to be added to the response time for parties who receive service of filings by mail—and Federal Rule of Civil Procedure 6(a)(1), Plaintiff had until September 30, 2019, at the latest to date and sign his Notice of Appeal. Consequently, his Notice of Appeal dated October 15, 2019, is 15 days too late. [Doc. 14 at p. 3].

Aside from Plaintiff's failure to adhere to the pleading requirements for claims asserted under 42 U.S.C. § 1983 and the untimeliness of his Notice of Appeal, the Court's independent review of the issues addressed in the magistrate judge's Recommendation and the Court's Order adopting the same demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good

faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from a plaintiff); *see also* Fed. R. App. P. 4(a)(1)(A); [Doc. 10 at p. 3 (explaining to Plaintiff that "[t]o state a claim for relief under [42 U.S.C.] § 1983," he "must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.")]. Since Plaintiff never provided sufficient factual allegations to support his claims and failed to associate each named Defendant with an alleged violation of his constitutional rights, as instructed, this appeal is not brought in good faith. *Douglas*, 535 F.3d at 1321–22, *supra*. Plaintiff raises no issues with arguable merit, and accordingly, his Motion for Leave to Appeal *In Forma Pauperis* [Doc. 17] is **DENIED**.

**SO ORDERED**, this 19th day of November, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**